Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| MUNICIPIO DE SAN LORENZO<br><br>Parte Peticionaria<br><br>v.<br><br>RAMÓN GALARZA REYES Y OTROS<br><br>Parte Recurrida | TA2026CE00058 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil núm.: SL2025CV00215<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece la parte peticionaria, Municipio de San Lorenzo (peticionaria o Municipio) y solicita que revoquemos la *Orden*[1] emitida el 12 de diciembre de 2025, notificada el 15 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante el referido dictamen, el TPI denegó la solicitud del Municipio de inscribir la finca a su nombre, por esta no constar previamente inscrita en el Registro de la Propiedad.

El 27 de enero de 2026, emitimos una resolución mediante la cual concedimos a la parte recurrida, un término para mostrar causa por las cuales no debíamos expedir el auto de certiorari solicitado. Transcurrido dicho término sin que ésta hubiera comparecido, damos por perfeccionado el recurso y procedemos a su adjudicación.

---

[1] Entrada 41.

Por los fundamentos que expondremos a continuación, expedimos el auto de certiorari y revocamos el dictamen recurrido.

## I. Trasfondo Fáctico y Procesal

El 4 de junio de 2025, el Municipio de San Lorenzo presentó Petición de Expropiación Forzosa[2] al amparo de la *Ley General de Expropiación Forzosa*[3], la Regla 58 de Procedimiento Civil[4], el Código Municipal de Puerto Rico[5] , y la Ordenanza Municipal Núm. 33-OT, Serie Núm. 2020-2021[6]. En esta, el Municipio expuso que, por razones de necesidad y utilidad pública, interesaba la adquisición del derecho en pleno dominio de la siguiente propiedad:

> ----URBANA: Solar radicado en la Calle Doctor Veve Calzada, número 5 del término municipal de San Lorenzo, con una cabida superficial de 74.00 metros cuadrados. En este solar enclava una estructura en hormigón dedicada a la vivienda con un área de 700 pies cuadrados.
>
> ----**La propiedad antes descrita no consta inscrita en el Registro de la Propiedad de Puerto Rico.**
>
> ----Identificado en el plano catastral con el número "252-087-054-11-000".[7]

Conforme alegado por el Municipio, la propiedad antes descrita fue declarada estorbo público mediante *Resolución de Declaración de Estorbo Público* el 17 de mayo de 2022. Por tal razón, interesaban adquirir la propiedad para obtener el título de dominio absoluto y así proceder de conformidad con los fines establecidos en el Art. 2.018 del Código Municipal de Puerto Rico y la Ordenanza Núm. 33-OT, Serie 2020-2021.

Luego de varios incidentes procesales, el 2 de diciembre de 2025, el TPI le anotó la rebeldía[8] a la parte demandada y le concedió

---

[2] El 18 de junio de 2025, el Municipio de San Lorenzo autorizó la Petición Enmendada a los fines de incluir a la parte con interés Sucesión Ramón Galarza Reyes.

[3] Ley Núm. 12-1903, según enmendada. 32 LPRA § 2901 et seq.

[4] 32 LPRA Ap. V, R. 58.1-58.9.

[5] Ley Núm. 107-2020, según enmendada. 21 LPRA § 7001 et seq.

[6] Adoptada por la Legislatura Municipal del Municipio de San Lorenzo el 13 de abril de 2021.

[7] Énfasis nuestro.

[8] Entrada 36.

un término al Municipio para someter la certificación registral del inmueble. El 10 de diciembre de 2025, el foro primario le anotó la rebeldía al CRIM[9].

En cumplimiento con lo ordenado, el 11 de diciembre de 2025, el Municipio presentó la Certificación Registral de Negativa de Persona y Certificación Registral de Negativa de Finca.[10]

Así las cosas, el 11 de diciembre de 2025, el TPI emitió orden[11] al Municipio para que mostrara causa por las cuales no se debía desestimar su solicitud, por la finca no constar inscrita en el Registro de la Propiedad. Ese mismo día, el Municipio presentó *Moción en Cumplimiento de Orden[12]*, en la que expuso que el hecho de que la propiedad no estuviera inscrita en el Registro de la Propiedad no daba base a que se desestimara su petición de expropiación forzosa. Por ello solicitó que se diera por cumplida la orden, que no se desestimara la reclamación y que señalara fecha para una vista en sus méritos sobre justa compensación.

El 12 de diciembre de 2025, notificada el 15 de diciembre de 2025, el TPI emitió la *Orden[13]* recurrida. En esta declaró No Ha Lugar la solicitud del Municipio y expuso que, del expediente no surgía que el Municipio hubiera cumplido con el Artículo 4.012 del Código Municipal[14].

El mismo 15 de diciembre de 2025, el Municipio solicitó reconsideración[15]. En esta, señaló que la petición instada era al amparo del Artículo 2.018 del Código Municipal y no bajo el Artículo 4.012. En específico, expuso que el Artículo 4.012 es de aplicación para la adquisición de un inmueble, pero por un tercero adquiriente, lo cual no ocurre en este caso, pues el Municipio interesaba adquirir

---

[9] Entrada 37.
[10] Entrada 38.
[11] Entrada 39.
[12] Entrada 40.
[13] Entrada 41.
[14] 21 LPRA § 7636.
[15] Entrada 42.

la propiedad a su nombre directamente. Por lo anterior, el Municipio planteó que no procedía la desestimación del pleito.

El foro recurrido declaró No Ha Lugar la solicitud de reconsideración mediante *Orden*[16] emitida el 15 de diciembre de 2025, notificada el 17 de diciembre de 2025.

Insatisfecho, el Municipio acudió ante nos vía *certiorari* y formuló los siguientes errores:

> Primer Error: Erró el TPI al determinar que procede la desestimación de la Petición de Expropiación Forzosa debido a que el inmueble a expropiarse no consta inscrito en el Registro de la Propiedad de Puerto Rico.
>
> Segundo Error: Erró el TPI al determinar que procede la desestimación de la Petición de Expropiación Forzosa debido a que esta no cumple con el Articulo 4.012 de la Ley 107 de 13 de agosto de 2020, Código Municipal de Puerto Rico.

## II. Derecho Aplicable

### A. El *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior[17].

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V[18]. Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

---

[16] Entrada 44.

[17] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[18] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[19], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[19] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción[20].

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro[21]. Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

## B. Expropiación forzosa

Nuestra Constitución reconoce el derecho al disfrute de la propiedad como un derecho fundamental.[22] "El derecho al disfrute de la propiedad...está supeditado al poder inherente del Estado para establecer restricciones sobre las propiedades privadas en favor del bienestar común".[23]

Consecuentemente, el Estado no puede tomar la propiedad privada para uso público a no ser a cambio de justa compensación y conforme a la ley.[24] Empero, como soberano, el Estado puede "adquirir el dominio de una propiedad sita dentro de sus límites territoriales...para fines públicos" mediante la expropiación forzosa.[25]

---

[20] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

[21] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

[22] Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.

[23] *ELA v. El Ojo de Agua Development*, 205 DPR 502, 518 (2020).

[24] Art. II, Sec. 9, Const. ELA, LPRA, Tomo 1.

[25] *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586 (2021); *ELA v. El Ojo de Agua Development, supra.*

Acorde con ello, la Sección 5 (a) de la *Ley General de Expropiación Forzosa,* reconoce expresamente la facultad que ostentan los municipios para instar procesos de expropiación forzosa.[26] Igualmente, el *Código Municipal de Puerto Rico (Código Municipal),* establece que los municipios podrán instar procesos de expropiación forzosa dentro de sus límites territoriales.[27] En específico, el Artículo 2.018 inciso (a) (2) (iv) y (vi) del *Código Municipal,* instituye que los municipios pueden ocupar, demoler o causar perjuicios a la propiedad privada, para ser utilizada para los siguientes fines:[28]

> (iv) Cuando la misma haya sido declarada estorbo público según lo establecido en este Código, no teniendo que cumplir con la presentación de una consulta de ubicación ante la Oficina de Gerencia de Permisos.
> [...]
>
> (vi) Cualquier otro propósito de utilidad que sea declarado así por la Legislatura Municipal conforme a las facultades otorgadas a los municipios por este Código y en cumplimiento con esta ley.

Distinto al Artículo 2.018, el Art. 4.012 establece procedimiento en cuanto a la expropiación e intención de adquirir propiedades declaradas como estorbo público **para su posterior transferencia a un tercero** que esté en disposición de adquirirla para su reconstrucción y restauración o hacer una nueva edificación.[29] A tenor, el procedimiento de expropiación bajo este articulado tiene su inicio cuando el solicitante-adquiriente le notifica al municipio su intención de adquirir el inmueble y suministrar al municipio una suma de dinero equivalente al diez por ciento (10%) del valor de tasación para las costas del procedimiento, entre otros. Así luego de dictarse sentencia, el municipio debe transferir la titularidad del inmueble objeto del procedimiento, al adquiriente[30].

---

[26] Ley de 12 de marzo de 1903, según enmendada. 32 LPRA sec. 2907.
[27] Ley Núm. 107 de 14 de agosto de 2020, según enmendada. 21 LPRA sec. 7001 et seq.
[28] 21 LPRA § 7183.
[29] 21 LPRA § 7636.
[30] *Íd.,* Véase incisos (b), (c) y (g).

De otra parte, la Regla 58 de Procedimiento Civil, gobierna el procedimiento para la expropiación forzosa de propiedad mueble e inmueble, excepto en cuanto conflija con las disposiciones de esta regla o de una ley especial.[31] Conforme lo anterior, la Regla 58.3, establece lo concerniente al contenido de la demanda y el legajo de expropiación. En lo aquí pertinente, establece lo siguiente:

> (b) Contenido. — La demanda contendrá una relación breve y sencilla de la autoridad bajo la cual se expropia, incluyendo la disposición de ley que confiere tal autoridad, el uso para el cual la propiedad habrá de adquirirse, una descripción de la propiedad suficiente para identificarla, los derechos que han de adquirirse y el tiempo por el que se han de adquirir y, en cuanto a cada propiedad, una designación de las partes demandadas que han sido acumuladas como dueñas de la misma o que tengan algún derecho sobre ella. También se solicitará al tribunal el término para la toma de posesión o la entrega material de la propiedad, y una orden para que proceda la inscripción registral del bien objeto de expropiación a favor de la parte peticionaria, libre de cargas y gravámenes.
>
> [...]
>
> **En caso de que la propiedad carezca de título posesorio o de dominio, deberá incluirse como parte demandada o partes demandadas a la persona o las personas que figuren como dueños(as) del inmueble en el recibo de contribución o en cualesquiera otras constancias demostrativas de títulos....[32]**
>
> (c) Legajo de expropiación. — La demanda estará acompañada de los siguientes documentos que constituirán el legajo de expropiación:
>
> (1) El Exhibit A, en el que se identificarán concreta e individualmente los bienes muebles e inmuebles objeto de expropiación, **los datos registrales si la finca consta inscrita en el Registro de la Propiedad**, el número catastral de la finca en el Centro de Recaudación de Ingresos Municipales, las personas con interés en el procedimiento, la fijación de la suma de dinero estimada por la parte peticionaria como justa compensación de la propiedad que se pretende adquirir y la finalidad pública del procedimiento... .
>
> (2) Una certificación expedida por el Registro de la Propiedad dentro de los seis (6) meses anteriores a la presentación de la demanda....

---

[31] 32 LPRA Ap., R. 58.1.
[32] Énfasis nuestro.

(3) Una consulta de ubicación. — Se exime de este requisito cuando la propiedad a ser adquirida por el municipio se encuentra localizada dentro del Plan de Ordenación Territorial aprobado por la Junta de Planificación y el uso propuesto para la propiedad a adquirirse es cónsono o está permitido por lo dispuesto en dicho Plan de Ordenación Territorial.

(4) Un plano de mensura.

(5) Un informe de valoración rendido por el(la) perito(a) tasador(a). Además, deberá incluir una declaración para la adquisición y entrega material de la propiedad, que deberá contener y estar acompañada de lo siguiente:

(i) Una relación de la autoridad bajo la cual se pretende adquirir la propiedad y el uso público para el cual se pretende adquirir.
(ii) Una descripción de la propiedad que sea suficiente para identificarla.
(iii) Una relación del título o interés que se pretende adquirir de la propiedad para fines públicos.
(iv) Un proyecto de resolución.[33]

## C. El principio de inscripción

El derecho registral inmobiliario se fundamenta en una serie de principios, entre estos: la inscripción, la prioridad o rango, el tracto sucesivo, la legalidad y la fe pública registral.[34] Estos principios guían la interpretación de la normativa que aplica a los derechos reales y a las garantías personales que recaen sobre estos.[35]

Como regla general, en nuestra jurisdicción, el principio de inscripción no es de naturaleza constitutiva. Por ende, **los derechos reales se constituyen sin tener que inscribirse de antemano. En palabras sencillas: "el Registro no da ni quita derechos"**.[36] Si bien, conforme al Art. 53 de la *Ley Hipotecaria*, los títulos inscritos surten efecto en cuanto a terceros desde la fecha de su inscripción, la inscripción solo posee una función declarativa y es, incluso,

---

[33] Énfasis nuestro.
[34] *Ley Inmobiliaria del Estado Libre de Asociado*, conocida como la Ley Núm. 210 de 2015, según enmendada. 30 LPRA sec. 6001 et seq.
[35] *Íd.*
[36] *U.S.I. Properties, Inc. v. Registrador*, 124 DPR 448, 467 (1989). (Énfasis nuestro).

voluntaria.[37] Por lo tanto, salvo por ciertas excepciones, los derechos reales nacen, se modifican, se transmiten y se extinguen fuera del Registro de la Propiedad.[38]

### III.    Aplicación del Derecho a los Hechos

Por estar estrechamente relacionados, discutiremos los señalamientos de error de forma conjunta. En su recurso, el Municipio plantea que el foro primario incidió al determinar que procedía desestimar la petición de expropiación forzosa debido a que el inmueble objeto del procedimiento no consta inscrito en el Registro de la Propiedad y porque la petición no cumplió con el Artículo 4.012 del Código Municipal.

De una lectura del expediente ante nuestra consideración, se desprende que el Municipio cumplió con presentar su petición de expropiación forzosa y documentos requeridos al amparo de la Ley General de Expropiación Forzosa, el Código Municipal de Puerto Rico, la Regla 58 de Procedimiento Civil y la Ordenanza Núm. 33-OT, Serie 2020-2021. De una lectura de la petición se desprende que no estamos ante el caso contemplado en el Artículo 4.012 en el que un tercero (solicitante-adquiriente) esté interesado en el inmueble y le haya notificado al municipio su intención de adquirirlo para reconstrucción y restauración o hacer una nueva edificación. Al contrario, la petición presentada por el Municipio expresa que este interesa adquirir a su nombre directamente la adquisición del derecho en pleno dominio del inmueble, declarado estorbo público, por razones de necesidad y utilidad pública. Por lo tanto, el foro primario erró al determinar que procedía desestimar la petición por incumplimiento con el Art. 4.012 del Código Municipal., pues la petición fue presentada bajo el Artículo 2.018.

---

[37] 30 LPRA sec. 2256.
[38] L. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 3ra ed., San Juan, Jurídica Editores, 2012, en la pág. 42.

Igualmente, concluimos que el foro *a quo* incidió al determinar que procedía desestimar la petición debido a que el inmueble objeto del pleito no constaba inscrito en el Registro de la Propiedad. Conforme expusimos en la segunda parte de este escrito, los estatutos sobre expropiación forzosa aplicables al caso ante nos, no exigen que el inmueble esté inscrito en el Registro de la Propiedad para que proceda la petición de expropiación forzosa. En efecto, la Regla 58.3(b) de Procedimiento Civil provee para que, en caso de que el inmueble carezca de título posesorio o de dominio, se incluya como demandados a la persona o las personas que figuren como dueños(as) del inmueble en el recibo de contribución o en cualesquiera otras constancias demostrativas de títulos.[39] Igualmente, el inciso (c) de la citada regla establece que en su petición, la parte peticionaria identificará los datos registrales de la propiedad, si la finca consta inscrita en el Registro de la Propiedad[40].

En virtud de lo anterior, el hecho de que el inmueble a expropiarse no conste inscrito en el Registro de la Propiedad constituye un impedimento para que prosiga el procedimiento de expropiación instado por el Municipio.

En virtud de lo anterior, se expide el auto de *certiorari,* se revoca la orden recurrida y se ordena la continuación de los procedimientos de conformidad con lo aquí dispuesto.

### IV.   Parte dispositiva

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente sentencia, se expide el auto de *certiorari* y se revoca la orden recurrida. en consecuencia, se ordena la la continuación de los procedimientos de conformidad con lo aquí dispuesto.

---

[39] 32 LPRA Ap., R. 58.3(b).
[40] 32 LPRA Ap., R. 58.3(c).

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones